## RUBY ᴇᴛ ᴜx. *v.* BOWLUS
[No. 220, September Term, 1957.]

116

118

*Decided April 24, 1958.*

*Motion for rehearing filed May 6, 1958, and for stay of execution of mandate filed May 22, 1958, both denied May 23, 1958.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and GRAY, J., Chief Judge of the Seventh Judicial Circuit, specially assigned.

*Walter H. Ruby, pro se,* for the appellants.

*Stanford Hoff,* with whom were *Sponseller & Hoff* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Walter H. Ruby, the owner of a farm in Carroll County, appeals in proper person from the overruling of exceptions, filed by his trustee in bankruptcy, to the ratification of a sale of the farm under mortgage foreclosure.

In July, 1957, the appellee Bowlus, the attorney named in the mortgage, instituted the foreclosure proceedings and advertised the sale for Saturday, August 3. On Friday, August 2, Ruby filed a voluntary petition in bankruptcy in The

United States District Court for the District of Maryland. On the day of the sale, Bowlus read to those present a statement that recited the contents of a telegram to him from the lawyer who had filed the petition for Ruby, stating that the sale should be cancelled because of the bankruptcy, and concluding that "If you buy this property at this sale, the sale might have to be ratified by the United States District Court in Baltimore."

Thereupon, the auctioneer cried the sale and the farm was sold for $23,000. With the approval of the bankruptcy court, the trustee duly filed exceptions to the ratification of sale on numerous grounds, those that are relied on in this Court being: (a) that the advertisement was insufficient because it did not state that the property was a dairy farm; (b) that the sale was inadequately advertised; (c) that the price was grossly inadequate; (d) that the institution of the bankruptcy proceedings "had much to do with the low price" because of "commotion at the sale"; (e) "that the sale was held on the Sabbath of the mortgagors handicapping them from endeavoring to interest buyers therein for that particular day in accordance with their beliefs"; (f) that a stainless steel milk tank sold with the farm was not a fixture covered by the mortgage, and should not have been sold.

The trustee declined to appeal from the order of the lower court overruling the exceptions, and the bankrupt, who had participated in the proceedings below by his counsel, noted an appeal in proper person. The appellee seems to concede his right to do this. It has been held that if a trustee in bankruptcy declines or fails to prosecute or defend a suit by or against a bankrupt, the bankrupt may do so. *Paradise v. Vogtlandische Maschinen-Fabrik* (3rd Cir., 1938), 99 F. 2d 53; *Meyer v. Fleming,* 327 U. S. 161, 165-167, 90 L. Ed. 595, 598-599; and cases cited in the notes. Other decisions establish the right of a bankrupt to appeal if the trustee will not or does not. *Carroll v. Hannon* (Pa.), 136 A. 212, 213; *Kagey v. Fox West Coast Theatres Corp.* (Kan.), 31 P. 2d 67. It has been held by this Court that one who has a real interest in the controversy, although technically he was not a party below, may appeal. *Hall v. Jack,* 32 Md. 253. Com-

pare *Weinberg v. Fanning,* 208 Md. 567. We shall treat the appeal as properly before us.

At the threshold we note that it is not contended here, as it was below, that after the filing of the bankruptcy proceeding the Circuit Court for Carroll County lacked the power to continue the foreclosure proceedings. *In re Hurlock* (D. C. Md., 1928), 23 F. 2d 500, 501, flatly states that the state court was not ousted of jurisdiction by the mere institution of the proceedings in bankruptcy.

The contention that the sale was defective because the farm was not advertised and sold as a dairy farm is without merit. The property was advertised as a 100-acre farm improved with an eight-room dwelling house (with bath, hot air heat, oil burner), a bank barn 40′ x 50′, a new loafing barn 36′ x 100′, and a 4-stall milking parlor. The record discloses that the loafing barn was unfinished, without a roof and with one side gone, and that the milking parlor "was not completed." There is nothing to show that any milk had ever been shipped from the farm, and it is clear that not only was it not in use as a dairy farm at the time of sale but that, in fact, it had not been farmed at all for over a year.

The argument that the sale was inadequately advertised finds no support in the evidence. The sale was advertised in the Westminster Democratic Advocate once a week for four weeks, in the Hanover Sun, which has a large circulation in Carroll County, once a week for three weeks, in the Sykesville Herald once a week for three weeks, and in the Frederick Post once prior to the day of sale. In addition to giving the information we have cited, the advertisement stated that the farm was situate near Day and Morgan Chapel Church in the 14th Election District of · Carroll County, Maryland, and gave the reference to the deed whereby Ruby acquired title to the property. This Court has decided several times that the advertisement of sale of real estate under foreclosure proceedings is adequate if the information given will enable the reader, by the exercise of ordinary intelligence, to locate the property and to obtain more information concerning it if he is interested. *deTamble v. Adkins,* 210 Md. 414, 420, and cases cited.

The only evidence of value of any probative worth was that of Ruby, who testified that he was "holding the farm at $40,000", and that of three qualified and experienced real estate brokers of Carroll County. One of these testified that a fair and reasonable price for the property was $22,000, another that it was $23,000, and the third stated that the property, in his opinion, was worth between $23,000 and $24,000. Under this testimony, clearly the price received for the property at the sale was not so inadequate or insignificant that it could shock the conscience of the court. The cases have said that to justify the setting aside of a sale, the inadequacy of price must reach this state. *deTamble v. Adkins, supra; Lippold v. White,* 181 Md. 562; *Suburban Garden Farm Homes Corporation v. Duckett,* 179 Md. 648, 655. There is no real disparity here between the sales price and the fair value of the farm.

There is no testimony in the record which supports the allegation that the institution of bankruptcy proceedings either produced a commotion at the sale or had any effect upon the price received. Ruby admitted that he had told the assembled bidders that day that the farm was under the jurisdiction of the United States District Court and that there would be no sale. However, the statement read by Bowlus to the prospective bidders in attendance clearly advised them that the effect of the bankruptcy proceeding would, at the most, be to require ratification of sale by the District Court. It would scarcely seem to matter to one who buys at a judicial sale whether ratification is to be by one court or another. In any event, the record shows that there were between twenty-five and forty persons present at the time of the sale, that the bidding was at least normally active, and that a fully adequate price was obtained.

Ruby is a Seventh Day Adventist who observes Saturday as the Sabbath and claims that he will not engage in any secular activities on that day. He urges that those of similar faith were barred from the opportunity to participate in the sale because it was held on Saturday. It was shown that Saturday is the usual day for the holding of public sales in Carroll County and has been from time immemorial. There

was no showing that any bidder who would have been likely to bid actually was prevented from doing so by reason of the day of the sale. Neither was there any showing that Ruby ever asked the trustee to change the day of sale or that he made any effort of any kind to have it changed. It was held in *Cohen v. Wagner*, 6 Gill 236, where exceptions were filed to a judicial sale on the ground that the sale was made on Saturday, which was the Sabbath of one of the parties interested in buying the property, that the defense was not available since the prospective bidder had known of the day of the sale for several weeks and had failed to make any objections to its being held on that day. We think Ruby, not having shown either actual prejudice or any effort to change the day of the sale, cannot now complain of its having been held on the day advertised.

The question of whether the stainless steel milk tank was covered by the mortgage is not properly presented in this proceeding, in our view. The trustee did not purport to sell it specifically, merely selling the real estate and fixtures. If it was a fixture (and there is substantial testimony that would permit a finding that it was), presumably the purchaser at the sale acquired title to it. If it were not a fixture, he did not. The question must be settled in a proceeding directly to determine title between the trustee in bankruptcy on the one hand, and the purchaser at the foreclosure sale, on the other.

*Order affirmed, with costs.*