## WILSON ET UX. *v.* CORY

[No. 250, September Term, 1961.]

562

*Decided May 9, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, PRESCOTT, HORNEY and MARBURY, JJ.

*Bernard F. Goldberg* for the appellants.

*Cornelius F. Sybert, Jr.,* and *James G. Boss,* with whom
were *Richard C. Rice, Bennett Crain, Jr.,* and *Cory & Boss*
on the brief, for the appellee.

PER CURIAM.

This appeal is by the mortgagors of real property located in Howard County, fronting on Lawyer's Hill Road, from an order overruling their exceptions to a foreclosure sale and ratifying the sale.

Exceptions had originally been filed by Leo Badart, the highest bidder (at $32,500) at the sale who had come to the auction with a certified check for $3,000, as required by the advertisement; and exceptions had also been filed by Adele L. Stolte and Harvey R. Stolte, her husband. Mrs. Stolte had made the highest bid, $33,000 at the first part of the auction, but did not have a certified check. After an interruption in the auction, during which Donald E. Doll conferred with the appellee, the attorney named in the mortgage to sell in case of foreclosure, telephone arrangements satisfactory to the appellee were made to transfer $3,000 in a savings account from Mr. Doll to the name of the appellee, so that Doll could qualify as a bidder. Thereafter the auction was resumed. Mrs. Stolte then either withdrew her bid absolutely or did so in favor of Mr. Badart, and Mr. Badart withdrew his bid. Doll then became the highest bidder at $33,000, and the appellee reported the sale to him at that price. Mr. Badart dismissed his exceptions prior to the hearing in the Circuit Court, and the Stoltes' exceptions were overruled by that Court. The Stoltes did not appeal.

The mortgagors-appellants contend that the sale was so conducted as to encourage inadequacy of price, confuse prospective bidders, suppress competition, and stifle or chill the bidding.

In addition to the facts above noted, it is undisputed that at the sale the appellee announced that the State Roads Commission planned to run a new road through the property within about 200 feet of the house. There was also evidence to show that after Mrs. Stolte had made the highest bid and after it was discovered that she had neither $3,000 in cash nor a certified check, she tried to speak with the appellee about qualifying as a bidder, but was discourteously treated and pushed by the auctioneer out of the house where Doll was conferring with the appellee and telephoning a savings and loan association in order

that he might make arrangements to qualify. Mrs. Stolte also testified at the hearing that she and her husband were prepared to bid up to $40,000, if necessary, to acquire the property.

We find the appellants' contention that the appellee should not have informed bidders at the sale of the plans of the State Roads Commission to be quite untenable. Information about those plans was originally given to the mortgagee bank several weeks before the sale by Mr. Wilson, one of the mortgagors. No condemnation proceedings had been filed prior to the time of the sale, but Mr. Wilson testified that the Commission had given similar information to prospective purchasers, and he had shown a plat showing the location of the proposed new road to the mortgagee a few days before the sale. We agree with the Chancellor that "[s]ince the expressway as outlined on the plat, would pass within two hundred feet of the mansion, it seems only equitable that interested purchasers should have been informed accordingly." Cf. *Wicks v. Westcott*, 59 Md. 270, 278-79 (duty of trustee making sale to give all information he had as to prior liens, at least if he referred to them at all); *Ruby v. Bowlus*, 217 Md. 115, 121, 140 A. 2d 513, cert. den. 358 U. S. 856, reh. den. 358 U. S. 914; and *Oldenburg & Kelly, Inc. v. Regester*, 118 Md. 394, 397, 85 A. 411. See also the dissenting opinion in *Woelfel v. Tyng*, 221 Md. 539, 545-48, 158 A. 2d 311.

The appellants concede in this Court the correctness of the Chancellor's holding that the appellee had power to waive the requirement that a bidder present cash or a certified check.

With regard to alleged irregularities in the sale affecting the price, the Chancellor stated in his opinion:

> "Returning to the Mortgagors' exceptions, it will be observed at the outset that there is no persuasive evidence that the property was sold for a grossly inadequate consideration. No one except Mr. Wilson testified that the property had a market value in excess of the highest bids submitted."
>
> \* \* \* \* \*
>
> "Assuming, without deciding, that there were irregularities, as alleged, during the sale, there was no evidence produced before this Court to show that pro-

spective bidders were thereby caused not to bid who would have otherwise done so. There was also no evidence to show, taking any view of it, that the auctioneer refused to accept or, in fact, received, any bid higher than $33,000.00."

In view of these findings of fact we think that no stifling of bidding or attempt to stifle bidding has been made out and that this case is not within the rules stated but not found applicable in *Preske v. Carroll,* 178 Md. 543, 551-52, 16 A. 2d 291, and in *Bachrach v. Washington United Cooperative,* 181 Md. 315, 322, 29 A. 2d 822. The actual result of *Preske* was to uphold a sale against an attack based *inter alia* on alleged inadequacy of price coupled with charges of inadequate description of the property in the advertisement of sale and that the auction had been conducted too hastily. In *Bachrach* a suit was filed to set aside a foreclosure sale which had previously been ratified. Fraud was alleged but was not found to have been established.

It is well settled in this State that a sale fairly made will not be set aside for mere inadequacy of price unless it is so glaring as to indicate fraud or unfairness or that the trustee lacked the judgment and skill necessary to the administration of his office. *Ten Hills Co. v. Ten Hills Corp.,* 176 Md. 444, 449, 5 A. 2d 830; *Lippold v. White,* 181 Md. 562, 569, 31 A. 2d 170; *Ivrey v. Karr,* 182 Md. 463, 34 A. 2d 847; *Sawyer v. Novak,* 206 Md. 80, 110 A. 2d 517; *de Tamble v. Adkins,* 210 Md. 414, 124 A. 2d 276; *Ruby v. Bowlus, supra; Walker v. Williams,* 218 Md. 312, 146 A. 2d 203.

*Order affirmed with costs.*