## MYERS *v.* STATE

[No. 12, September Term, 1958.]

50

*Decided October 24, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by Richard Floyd Myers, in proper person.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *J. Harold Grady, State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

This is an appeal by Richard Floyd Myers from an order by Chief Judge Niles of the Supreme Bench of Baltimore denying his petition for a writ of error *coram nobis.*

The petitioner contends there is a discrepancy between the allegations of the indictment against him and the arrest report, and further contends that the evidence presented to the trial court was inconsistent with the allegations in the indictment. The indictment was, of course, before the judge at the time of the petitioner's trial, and a review of the averments of the petition does not show reliance on any material fact not known to the court at the time of trial. In order to issue the writ of error *coram nobis,* the alleged error must inhere in facts not actually in issue at the trial and unknown to the court when the judge entered his judgment, but which, if known, would have prevented the judgment. *Keane v. State,* 164 Md. 685. Thus Myers has not alleged a ground upon which the writ should issue.

In his reply brief the petitioner does contend that the entire case against him was fraudulent; however, these allegations are unsupported. It is not the purpose of the writ of error *coram nobis* to review evidence presented at the trial,

nor is it its purpose to consider issues that may properly have been raised by appeal. *Bernard v. State,* 193 Md. 1.

Myers' final contention is that the trial judge did not abide by Art. IV, Sec. 23 of the Maryland Constitution, because he did not render his decision on the petition "within two months" after it was submitted. It has been held that Sec. 23 is not mandatory, but directory, and thus there was no loss of jurisdiction to pass upon the petition. *Suttleman v. Board of Liquor License Commissioners,* 209 Md. 134, 140; *Snyder v. Cearfoss,* 186 Md. 360.

For the reasons stated, we accordingly affirm the order of Judge Niles dismissing the petition.

*Order affirmed.*