*153 J. FREDERICK SHARER, J.
(Retired, Specially Assigned).
In this appeal we are presented with the question of whether a trustee, appointed as the person authorized to make a sale in an action to foreclose a mortgage or deed of trust, must be physically present at the place and time of sale. Resolution of that question will lead us to resolve whether: (1) if the trustee must be present, but is not, the sale must be set aside as a matter of law; or (2) in a sale conducted without the physical presence of a trustee, the property owner must show prejudice in order to be entitled to relief.
Appellees, Carrie M. Ward, Jacob Geesing, and Howard N. Bierman, substitute trustees (“Trustees”) for the note holder on a deed of trust, initiated this action, in the Circuit Court for Worcester County, to foreclose on residential real estate owned by appellant, Christine L. Fisher.
The sale occurred on January 14, 2014, at which time it was sold to the note-holder, the highest — and only — bidder. Fisher, acting pro se, filed exceptions to the Trustees’ report of sale, maintaining that the sale was unlawful because none of the Trustees were physically present at the sale. The circuit court denied the exceptions and ratified the sale.
Fisher’s timely appeal presents the following question, which we have rephrased:
Where it is undisputed that no person authorized to make the sale was physically present at the place and time of the sale, did the circuit court err in ratifying the sale?
For the reasons more fully set out below, we shall affirm the judgment of the circuit court.
*154 FACTUAL and PROCEDURAL BACKGROUND
It is not disputed that Fisher, the fee owner of a residential property located in Bishopville, Worcester County, fell into default on her mortgage payments to the lender, Federal National Mortgage Association (Fannie Mae). The lender designated substitute trustees, named above, and, upon the filing of foreclosure proceedings, in September, 2013, the court signed appropriate orders designating Trustees as the persons authorized to make the sale. Pursuant to the residential property foreclosure procedure set forth in Md.Code Ann. (2010), Real Property (“RP”) § 7-105.1, the Trustees notified Fisher by first-class and certified mail of the time and place of the sale — January 14, 2014 — as well as the terms of the sale. In accord with Md. Rule 14-210, advertisements of the scheduled sale were placed in a local newspaper on three separate dates. Fisher puts forward no challenge to the Trustees’ compliance with required pre-sale procedures.
The foreclosure sale was conducted on the advertised date at the Worcester County Courthouse in Snow Hill. David Simpson, an attorney, was retained by the Trustees to serve as auctioneer who, at the advertised time, called the sale. As a result of inclement weather the sale was conducted inside the front doors of the courthouse, rather than outdoors.
Present at the sale, in addition to the auctioneer, were Fisher, her son William, her friend Charles Damnann, and Craig Horseman, the family attorney. None of the Trustees were present. According to Fisher’s affidavit, her father, William Cermak, had arranged to have Horseman bid in his behalf — a bid she described as “substantially higher than the fair market value.” For reasons not revealed by the record, no such bid was received, and there is no indication how much Cermak was prepared to bid.
At the time the auction opened, Simpson was engaged in a cell phone conversation with Bierman, one of the Trustees. In his later affidavit, Bierman asserted that he was ready and available to answer any and all questions related to the proceedings and the sale, but none were posed by anyone present at the sale. Simpson announced that the opening bid *155 was $808,000, which Bierman offered, via telephone, on behalf of Fannie Mae. No other bids were received. Fisher concedes that $308,000 was more than the fair market value of the property.
Trustees filed a timely report of sale, an affidavit of fairness of sale, and truth of report. The report included the statement that “the said Substitute Trustee did then and there at the courthouse on January 14, 2014, direct and supervise the auction sale of the property secured by said Deed of Trust] [.]”
Subsequently, Fisher, pro se, filed exceptions to the report of sale, pursuant to RP § 7-105, requesting that the court not ratify or confirm the sale. She argued that because Maryland law requires that “at least one of the individuals authorized to sell the property be present and act as the seller thereof[ ]” the foreclosure sale was unlawful because no Trustees were physically present at the sale.
In their opposition to Fisher’s exceptions to the report of sale, Trustees contended that constructive presence of a trustee is sufficient, and that Bierman’s participation by telephone with the auctioneer throughout the sale constituted constructive presence, thus satisfying the “presence” requirement. Further, the Trustees asserted that Fisher did not allege prejudice as a result of the purported irregularity and, in fact, suffered no prejudice.
In a farther response to the circuit court, Fisher argued that the report of sale was defective because it was based on Bierman’s misrepresentation that he was “then and there at the courthouse” where he “direct[ed] and supervise^] the auction sale[.]”
As we have noted, the circuit court dismissed Fisher’s exceptions and ratified the sale. Fisher’s motion for reconsideration was likewise denied.
DISCUSSION
Standard of Review
Fisher suggests that the question presented is one of law and is subject to our de novo review. The Trustees posit that *156 the case presents a mixed question of law and fact. They suggest that the question of law — presence of a trustee at the time and place of sale — is subject to de novo review, while the court’s findings of fact — potential prejudice to Fisher — should be affirmed unless clearly erroneous. As we noted at the outset, we must first determine whether a trustee must personally attend the sale to avoid a fatal irregularity, and then we must address the question of potential prejudice to the property owner.
The power of sale in a deed of trust must be exercised by one authorized to do so, either by the deed of trust or appointment by the court. RP § 7-105(b). The standard of review established by this Court provides:
In reviewing a court’s ratification of a foreclosure sale, we disturb the circuit court’s findings of fact only when they are clearly erroneous. In reviewing the circuit court’s findings of fact, we are mindful that the exceptant to a foreclosure sale bears the burden of proving that the sale was invalid. The exceptant must also demonstrate that any irregularities caused “actual prejudice.” ...
We review the court’s legal determinations de novo.
Fagnani v. Fisher, 190 Md.App. 463, 470-71, 988 A.2d 1134 (2010) (citations omitted), aff'd, 418 Md. 371, 15 A.3d 282 (2011) (citing Jones v. Rosenberg, 178 Md.App. 54, 68-69, 940 A.2d 1109 (2008); J. Ashley Corp. v. Burson, 131 Md.App. 576, 582, 750 A.2d 618 (2000); Ten Hills Co. v. Ten Hills Corp., 176 Md. 444, 449, 5 A.2d 830 (1939)).
The party seeking to have a sale vacated bears the burden of proof, and the law presumes that the trustee properly discharged his duties regarding the sale. Bachrach v. Washington United Cooperative, Inc., 181 Md. 315, 320-21, 29 A.2d 822 (1943). “We conduct our review on the basis of the evidence introduced into the record, and not on the basis of either the statements of counsel as to what occurred in other cases, or proffers not accepted by the court as evidence.” Fagnani, 190 Md.App. at 470-71, 988 A.2d 1134 (citations omitted). The Court of Appeals has held that “no *157 court shall set aside a foreclosure sale merely because of harmless errors or irregularities committed in connection with the exercise of the power of sale, or for any slight or frivolous reasons not affecting the substantial rights of the parties.” Bachrach v. Washington United Cooperative, Inc., 181 Md. 315, 320, 29 A.2d 822 (1943).
Fisher argues that the foreclosure sale of her property “was defective and should be set aside because Maryland law requires that at least one person with authority to sell the subject property be present at the foreclosure sale.” In addition, given that no trustee was physically present, she contends that Bierman’s filing that he was “then and there at the courthouse” directing and supervising the sale was false and, is thus an irregularity requiring that the sale be set aside.
Trustees maintain that Maryland law imposes no legal requirement that a trustee be physically present at a foreclosure sale, and it has long been established that constructive presence is sufficient. Based on the record, they argue, Bierman fairly and properly supervised the sale by maintaining constant telephone communication with the auctioneer. In addition, Trustees argue, even assuming an irregularity, there was no prejudice to Fisher because the successful bid for the property was admittedly higher than the amount she expected the sale to bring.
Trustees call our attention to Hopper v. Hopper, 79 Md. 400, 29 A. 611 (1894). The parties presented several issues to the Court in Hopper, the least significant of which was the requirement of the trustee’s attendance at the sale. The Court simply blessed the conduct of the sale by a co-trustee.
But then it is said that Mr. Marine, one of the trustees, was not present at the sale. This is true, but that was his fault. It was his duty to have been present [but] ... the mere fact that the sale was in his absence, conducted by his co-trustee is no ground in itself to justify the court to set aside the sale.
Hopper, at 404, 29 A. 611.
We take from Hopper a duty on the part of the trustee (or at least one in the case of co-trustees) to attend the sale. *158 Hopper is cited as requiring the presence of the trustee. See Gordon on Maryland Foreclosures § 20.4 (4th Edition, 2004). Similarly, the validity of a sale conducted by a co-trustee was confirmed in Silver Spring Dev. Corp. v. Guertler, 257 Md. 291, 262 A.2d 749 (1970).
Maryland Code, Real Property, Title 7, is silent as to the obligation of a trustee to physically attend the sale. Nor does Md. Rule, Title 14, speak to attendance of the trustee at sale. Left with the silence of the statute and the ancient authority of Hopper, we conclude that attendance at the place and time of sale is an obligation of a trustee. But, will some form of constructive presence suffice?
Constructive Presence
Trustees assert that Bierman’s constructive presence saves the proceedings from a fatal flaw, relying on Wicks v. Westcott, 59 Md. 270 (1883), in which the trustee was not physically present at the sale. The Court opined:
The rule is certainly well established, that a trust committed to the judgment and discretion of one person cannot by him be delegated to another. It having been proved that this trustee was not personally present at the sale, but was acting through agents or attorneys, it is insisted that the power was not well executed, and that there was no sale to which an order of ratification by the court could give validity. We do not regard that question as involved upon the facts. In Hubbard v. Jarrell, 23 Md. 66 [ (1865) ], this [C]ourt decided that a trustee who was present could act through an attorney or agent. We cannot say that this trustee, who, though not actually at the sale when it was made, was in town, near at hand and readily accessible if needed for any purpose, may not be regarded as constructively present. But as a circumstance with others of which the exceptant had a right to complain, it may be considered.
Id. at 279.
The Court noted further that “[t]his [C]ourt, in Walker v. Tims, 39 Md. [ (1873) ], (unreported), decided that the person *159 al absence of the trustee from the sale, and making it through another, was a fact which threw discredit on the sale, and with other facts, in justice required a new sale to be ordered.” Id.
We discern from Wicks that the concept of constructive presence of the trustee is at least condoned, if not actually permitted. The more salient conclusion to be drawn from Wicks is that absence of the trustee from the sale is merely a circumstance to be considered by the court in its ultimate determination of fairness of the proceedings. Accord, U.S. v. Eastern Woodworks, Inc., 151 F.Supp. 95 (D.Md.1957). That is, is the absence of a trustee merely an irregularity or harmless error not affecting the substantial rights of the parties? See, Bachrach, 181 Md. at 320, 29 A.2d 822.
Having recognized that Wicks condoned what the court referred to as constructive presence when the trustee, not in physical attendance, was “in town, near at hand and readily accessible,” the question then becomes what degree of availability is required to constitute a constructive presence. Wicks was decided at a time when electronic communication was in its bare infancy. Thus, the court deemed being “in town, near at hand and readily accessible” as sufficient. Would the Court today consider being “in town ...” sufficient if the town was a large city, and absent modern telecommunications. Query: If “near at hand” is sufficient to satisfy a presence requirement, as in Wicks, would electronic nearness suffice in today’s world of instant communication?
We are left then, as appellate courts often are, with a consideration of the circumstances. In other words, what is sufficient to constitute constructive presence will depend on the facts before the court.
The sale in these proceedings was brief and uncluttered. All parties in interest were present, but only one bid was received by the auctioneer. There were no competing bids and no questions to the auctioneer, nor were any objections voiced by anyone in attendance. It is not disputed that, throughout the sale, Bierman was in communication contact with the auctioneer via cell phone. Any problems or concerns *160 could have easily been addressed, if necessary. We deem that, on this record, the trustee was “readily accessible” as defined by Wicks.
When determining the adequacy of a trustee’s foreclosure sale, the well-settled test is whether the property was “sold under such conditions and terms as to advertisement and otherwise, as a prudent and careful man would employ, seeking to obtain the best price for his own property.” Waters v. Prettyman, 165 Md. 70, 74, 166 A. 431 (1933) (citing Hubbard v. Jarrell, 23 Md. 66 (1865)). Accord, Gordon on Maryland Foreclosures, § 20.5 (4th Edition, 2004). We are satisfied that that standard has been met in the case before us.
Prejudice
The ratification of a foreclosure sale is presumed to be valid. Fagnani v. Fisher, 418 Md. 371, 384, 15 A.3d 282 (2011) (citing Webster v. Archer, 176 Md. 245, 4 A.2d 434 (1939)). Thus, the burden is on the excepting party to show that the sale was invalid and to show further that the claimed irregularities caused prejudice. Id. “[I]f a mortgagee or his assignee complies with the terms of the power of sale ... and conducts the foreclosure sale properly, the court will not set aside the sale merely because it brings loss and hardship upon the mortgagor.” Id. Moreover, trustees have “discretion to outline the manner and terms of the sale, provided their actions are consistent with the deed of trust and the goal of securing the best obtainable price[ ]” and
Unless the precise method of sale is prescribed by the contract or decree, some discretion is necessarily granted to the trustee, ... making the sale, as to the manner in which the property will be offered. That discretion will naturally be affected by the character and location of the property and other circumstances peculiar to the case, so that it is impossible to lay down a hard and fast rule....
418 Md. at 385, 15 A.3d 282 (citation omitted).
There is a heightened standard in the case of property “bought in” by the note holder. “When the purchaser ... *161 is the mortgagee or his assignee, the Courts will examine the sale closely to determine whether or not the sale was bona fide and proper. The Courts will set aside such a sale upon ‘slight evidence of partiality, unfairness, or want of the strictest good faith.’ ” Id. at 395, 15 A.3d 282. Despite the heightened standard, the burden continues to be borne by the excepting party to show both invalidity and resulting prejudice. Id.
As to potential prejudice to Fisher, we recall that her exceptions to the report of sale asserted none; and our review of the record reveals none. Fisher’s argument is based solely on the absentee participation of Trustees in the sale itself. She raises no assertions of irregularity in regard to any other aspect of the proceedings. Nor does she challenge the sufficiency of the price brought by the sale. Applying Wicks, we conclude that the absence of Trustees is but a factor to be considered in determining the fairness and validity of the sale. Absent other irregular factors, we conclude that, although required, Bierman’s “presence” at the sale by telephone did not create unfairness or prejudice to Fisher to warrant reversal of the judgment of the circuit court.
JUDGMENT OF THE CIRCUIT COURT FOR WORCESTER COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANT.