*AMT Homes LLC v. Fishman*
No. 757, September Term 2015

**HEADNOTE**

FORECLOSURE — ABATEMENT OF INTEREST

Purchasers at a foreclosure sale filed a motion for abatement of interest and taxes after ratification of sale by the circuit court was delayed for six months due to judicial backlog. Purchasers argued that Md. Rule 14-305(a) and (c) require a court to ratify a foreclosure within sixty days of the date of sale, and entitle the purchaser to abatement when a delay extends beyond that time frame. Purchasers also pointed to existing case law, which recognized the common law rule that the purchaser at a foreclosure sale takes equitable title to the property and therefore becomes responsible for interest and tax payments, left an exception where the delay is caused by the conduct of other persons beyond the purchaser's control. Purchasers argued that a delay in ratification caused by judicial backlog fell within the exception, and required that interest and taxes be abated. The Court of Special Appeals held that Md. Rule 14-305 does not require the court to ratify a foreclosure sale within a rigid sixty day time limit, nor does a delay by the court qualify as an established "other persons" exception to the common law requirement that the purchaser pay interest on the property from the date of sale.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 757

September Term, 2015

_____


AMT HOMES, LLC

v.

JEREMY K. FISHMAN, ET AL.


_____


Nazarian,
Reed,
Thieme, Raymond G., Jr.
    (Retired, Specially Assigned),

       JJ.

_____


Opinion by Nazarian, J.

_____


Filed: June 2, 2016

AMT Homes, LLC ("AMT") purchased a property at a foreclosure sale. The sale was reported to the Circuit Court for Prince George's County in a timely manner, but the court did not ratify the sale until six months later—not because the parties themselves caused any delay, but as a result of the court's case load and staffing. Soon after ratification, AMT filed a Motion for Abatement of interest and taxes, arguing that it should not be responsible for interest and taxes that accrued more than sixty days after the date of sale until the date of ratification. The circuit court denied the motion after a hearing, AMT appeals, and we affirm.

## I. BACKGROUND

Maryland Rule 14-204(a) allows the beneficiary of a deed of trust to institute a foreclosure action on the property subject to the lien. Before making the sale, the trustee must "publish notice of the time, place, and terms of the sale" at least once a week for three successive weeks. Md. Rule 14-210(a). The trustee or a court-appointed substitute then conducts the foreclosure sale. Md. Rule 14-207(a). The winning bidder pays a portion of the purchase price at the time of sale as a deposit, then pays the balance, plus interest and taxes, at the time of settlement. *See, e.g.*, *Donald v. Chaney*, 302 Md. 465, 468 (1985) (explaining the general rule "of ancient lineage" that the purchaser always pays interest from the date of sale). In *Zorzit v. 915 W. 36th Street, LLC*, we summarized the court's role in these foreclosure actions:

"As soon as practicable, but not more than 30 days after a sale, the person authorized to make the sale shall file with the court a complete report of the sale and an affidavit of the fairness of the sale and the truth of the report." [Md. Rule 14-305(a)]. Once the report of sale is filed with the court, the clerk issues a notice containing "a brief description sufficient to identify the property and stating that the sale will be ratified unless cause to the contrary is shown within 30 days after the date of the notice." Rule 14-305(c). Within this 30-day period, a party may file exceptions to the sale. Rule 14-305(d)(1). If exceptions are filed, the court determines whether a hearing is necessary, but "it may not set aside a sale without a hearing," and must hold a hearing if "a hearing is requested and the exceptions . . . clearly show a need to take evidence." Rule 14-305(d)(2).

A court will ratify the sale if the time for filing exceptions "has expired and exceptions to the report either were not filed or were filed but overruled, and . . . the court is satisfied that the sale was fairly and properly made." Rule 14-405(e). After the court issues a final order of ratification, settlement takes place with the foreclosure purchaser.

197 Md. App. 91, 99 (2011).

The estate of Thelma Battle owned the property at issue in this case, a home in Seat Pleasant (the "Property"), subject to a deed of trust. The estate defaulted, and the group of substitute trustees (Jeremy K. Fishman, Samuel D Williamowsky, and Erica T. Davis Ruth), petitioned the circuit court for a Decree for Sale, then advertised the Property for sale at public auction. The sale advertisement disclosed the terms:

The balance of the purchase price with interest at 2.375% per annum from the date of sale to the date of payment will be paid within ten days after the final ratification of the sale.

Adjustments on all taxes, public charges and special or regular assessments will be made as of the date of sale and thereafter assumed by purchaser.

2

> Front Foot benefit charges are to be adjusted for the current year to date of sale and assumed thereafter by the purchaser.

The sale took place on July 30, 2014. AMT made the winning bid, $108,500.00, and paid a down payment of $10,000. The trustees filed a Report of Sale in the circuit court on August 1, 2014, and ten days later the court issued a Notice Report of Sale, which required anyone opposing the sale to show cause by September 11, 2014. No exceptions to the sale were filed, but as a result of its backlog of cases, the court did not ratify the sale until January 29, 2015.

In April 2015, AMT filed a Motion for Abatement of Interest in the amount of $2,198.35. AMT argued that Maryland Rule 14-305(a) and (c) required the court to ratify the sale within sixty days, and because ratification had been delayed through no fault of its own, AMT should not be responsible for the interest and taxes that accrued from September 29, 2014, sixty days after the sale, through January 29, 2015, the date of ratification.[1] After a hearing on June 3, 2015, the circuit court held that the rule did not create a strict time limit for ratification, but that a decision must be rendered within a reasonable amount of time. The court then found that where the delay in ratification was not caused by either party, but was the result of judicial backlog, interest should not be abated. AMT filed a timely notice of appeal.

---

[1] AMT calculated interest on the unpaid balance of $98,500.00 at 2.375%, the rate stated in the advertisement (a per-day total of $6.41). AMT also sought an abatement of real estate taxes in the amount of $11.61 per day.

## II. DISCUSSION

AMT asks us to hold[2] that a purchaser at a foreclosure sale is entitled to abatement of interest when ratification is delayed unreasonably due to no fault of the purchaser, in this case because of judicial backlog. At argument, AMT suggested that a delay beyond thirty to sixty days should entitle a purchaser to an abatement. For the reasons we explain, though, we are not persuaded to alter the balance that the General Assembly and the Court of Appeals have struck among the interests of lenders, borrowers, and purchasers in the context of foreclosure sales.

First, though, the standard of review. AMT argues that we review the circuit court's decision *de novo* because there is no dispute as to the facts or circumstances surrounding the appeal. The Substitute Trustees argue that the proper standard is abuse of discretion. Both are partly right. Although we review *de novo* the legal standard that the court applied, *see, e.g.*, *Fisher v. Ward*, 226 Md. App. 149, 256 (2016), we review the court's decision to deny abatement of interest in this instance under "the familiar abuse of discretion standard." *Baltrotsky v. Kugler*, 395 Md. 468, 477 n.7 (2006); *see also Thomas v. Dore*,

---

[2] AMT phrases the issues as follows:

> QUESTION ONE: Where ratification of a foreclosure sale is delayed by Court review, is the foreclosure purchaser entitled to an abatement?

> QUESTION TWO: Where ratification of a foreclosure sale is delayed by causes or persons beyond the foreclosure purchaser's control, is the foreclosure purchaser entitled to an abatement of taxes and other accruing charges in addition to an abatement of interest?

183 Md. App. 388, 405 (2008) (generally, the decision to abate interest accrued in a foreclosure sale is "a decision entrusted to the discretion of the hearing judge"); *Zorzit*, 197 Md. App. at 96-97.

Foreclosures, and the ensuing sales, involve three parties in interest. *First*, of course, is the debtor, who owes an unpaid debt, both principal and interest, and holds title to the property. *Second* is the lender, who has the right to collect the debt and forecloses on the property as a remedy for the debtor's failure to pay. *Third* is the purchaser, who agrees to buy the property from the debtor through the foreclosure sale process.[3] The debtor's and lender's rights and obligations vis-à-vis each other, including the debtor's obligation to pay interest and the lender's right to receive it, are set forth in the documents that memorialize the debt. *See, e.g.*, *Anderson v. Burson*, 424 Md. 232, 235-36 (2011). The purchaser's rights are defined by the law governing foreclosures and the notices setting forth the terms of the foreclosure sale. *Simard v. White*, 383 Md. 257, 310 (2004).

Generally speaking, debtors owe interest to their lenders (and taxes to the government) up until the time of the sale, at which point the purchaser takes responsibility. Outside the context of foreclosures, the sale is consummated at settlement. In the foreclosure context, however, there is one additional step: the court still needs to ratify the sale, and the debt isn't cleared until after that occurs, even though the purchaser takes equitable title at the time of the sale. And the possibility that court review might extend longer than sixty days is a risk that falls on the purchaser in a foreclosure sale. As equitable

---

[3] In many cases, the lender becomes the foreclosure sale purchaser, so these latter two roles often merge.

5

owner of the property, the purchaser *should* bear the risk associated with judicial review. *See Donald*, 302 Md. at 469 (explaining that at the time of sale, the purchaser receives "an inchoate and equitable title which becomes complete by ratification of the Court.").[4] With the benefits of equitable ownership come its obligations,[5] one of which is that the purchaser pays interest from the time of sale. *See id.* at 468 ("It is a general rule as to sales under decrees of this Court, that the purchaser always pays interest, according to the terms of the decree, from the day of sale, whether he gets possession or not." (quoting *Brown v. Wallace*, 2 Bland 585, 594 (1830))). Whether or not it's fair—and reasonable people might disagree—this allocation of costs and responsibilities is well-known and frames everyone's expectations. Purchasers know when they decide whether to bid at a sale that if they win, they will be on the hook for interest and taxes from that point forward. Presumably, and

---

[4] In *Simard v. White*, the Court of Appeals further explained the implications of becoming equitable owner:

> Although he thus becomes the substantial owner from the time of the sale, and the property is at his gain if it appreciate and at his risk in case of loss by fire or through depreciation, yet, notwithstanding the purchase money be paid, the legal title of the purchaser does not vest until the deed to him is delivered, but, upon its delivery, this deed is not effective merely from the day of its execution, but vests the property in the purchaser from the day of sale.

383 Md. 257, 325 (2004) (quoting *Union Trust Co. v. Biggs*, 153 Md. 50, 56 (1927)).

[5] As we explained in *Campbell v. Council of Unit Owners of Bayside Condo.*, a purchaser in a foreclosure sale is in a unique position in that from the date of the foreclosure sale, the purchaser is the equitable owner of the property, "with [his or] her enjoyment of that ownership balanced by the obligations of that ownership during that interval." 202 Md. App. 241, 250 (2011).

especially frequent and sophisticated participants like AMT, purchasers calibrate their bids to reflect their prospective interest and tax liability. And although the term "abatement" suggests that the liability at issue here would disappear altogether, it doesn't—lenders will still be owed the unpaid interest and taxes, and will look to debtors (who would seem less able to pay) to recover.

The question, then, is less about eliminating an unfair obligation than about deciding whether it should be *shifted* to another party. Our cases have recognized three equitable exceptions to the usual allocation of costs and liabilities. Purchasers *may* be excused from paying interest that accrued between the originally scheduled settlement date and the actual date of settlement when the delay: (1) stems from neglect on the part of the trustee; (2) was caused by necessary appellate review of lower court determinations; or (3) was caused by the conduct of other persons beyond the power of the purchaser to control or ameliorate. *Baltrotsky*, 395 Md. at 478; *Donald*, 302 Md. at 465; *Zorzit*, 197 Md. App. at 101; *Thomas*, 183 Md. App. at 396. AMT contends that the court's delay in ratifying the sale falls into the third category, *see Donald*, 302 Md. at 477, and asks us to not only to recognize as much, but to hold that courts are *obliged* to provide relief to purchasers when ratification goes beyond a "reasonable time," which they define as sixty days.

We decline to reallocate responsibility for interest and taxes when the delay results from judicial backlogs, and especially to declare sixty days (or any other time period) as the presumptive point past which a delay is "reasonable." AMT has not cited, and we have not found, any authority for the proposition that a court is a "person[] beyond the power of

7

the purchaser to control or ameliorate." *Id.* And when courts have abated interest payments, those decisions have been grounded in the behavior of the former owners.

In *Baltrotsky*, for example, the Court of Appeals held that interest payments should be set aside when the former owner instituted pro se litigation, filing "persistent and monotonous pleadings" in an effort to void the foreclosure sale, delaying final settlement for approximately a year. 395 Md. at 476, 481. In that case, the former owner's efforts to void the sale placed the case squarely within the "conduct of other persons" exception. *Id.* at 479. Similarly, in *Zorzit*, this Court found that the "conduct of other persons" merited an abatement when former owners of three Baltimore City properties filed exceptions to the foreclosure sale that delayed ratification for seventy-seven days. 197 Md. App. at 108-09. We emphasized that it was the former owners, who "used the legal process to delay the final ratification," rather than the conduct of either party to the sale (or, for that matter, the court itself), that put the case into interest-abating territory. *Id.* at 109.

AMT tries to shoehorn the court itself into the "conduct of other persons" exception by relying on case law recognizing the circuit court as the vendor of property in a judicial sale. *See Greentree Series V, Inc. v. Hofmeister*, 222 Md. App. 557, 566 (2015) (explaining that in a judicial sale, the court is the vendor, and the "contract of sale is a transaction between the court as vendor, and the purchaser . . ." (quoting *White v. Simard*, 152 Md. App. 229, 241 (2003), *aff'd* 383 Md. 257 (2004))). If the court is the true seller of the property, the argument goes, it may not impose upon the purchaser a cost that accrued because of its own delay.

8

This argument fails, however, because the court's role in a foreclosure sale is fundamentally different than that of a private seller. While the court functions similarly to a private seller in many ways, *see id.* at 566-67 ("Before ratification the transaction is merely an offer to purchase which has not been accepted."), Title 14 of the Maryland Rules charges the court with a layer of oversight that a normal private seller wouldn't have. That is, the court must hear any exceptions to the sale and may only ratify it if it decides the sale was fairly and properly made. Md. Rule 14-405(e). It was AMT's duty, as purchaser, to "assure the court that [it was] ready, willing and able to comply with the terms fixed for its completion." *Donald*, 302 Md. at 478. AMT is not entitled to a reduction in the interest payments it promised to pay simply because the court exercised its oversight role over a longer-than-ideal period of time.

Certainly, AMT has the right to a timely decision, but it would not be appropriate for us to establish a rigid time limit into the rule, let alone a time limit that imposes financial consequences on another party that also has no control over the delay. AMT points us to our decision in *Zorzit* and to Md. Rule 14-305(c) for its argument that courts should be bound by an upper limit of sixty days after the date of sale. The rule requires that the sale "be ratified unless cause to the contrary is shown within thirty days after the date of notice," while *Zorzit* observed that "the process of achieving final ratification after the foreclosure sale would have been accomplished . . . well within the 60 days as contemplated by the rules." 197 Md. App. at 110. But even if the law did set a strict sixty-day time limit, and we do not hold that it does, neither the Code nor the Maryland Constitution guarantees a remedy. *Cf. Myers v. State*, 218 Md. 49, 51 (1958) (Art. IV, Sec. 23 language directing a

9

circuit court decision "within two months . . . is not mandatory, but directory."); *McCall's Ferry Power Co. v. Price*, 108 Md. 96, 113 (1908) (observing that the constitutional provision guaranteeing that the Court of Appeals file an opinion within three months after argument is "merely directory, and not mandatory," and explaining that "[i]t certainly would not be within either the letter or the spirit of this provision to grant a re-argument because an opinion had not been filed within three months[,] thereby causing further delay.").

For these reasons, we see no abuse of discretion in the circuit court's decision to deny AMT's request for abatement. The sale advertisement at issue here required the eventual purchaser to pay interest at 2.375% on the unpaid balance of the purchase price from the date of payment until the date of final ratification. The delay in the court's ability to consider the sale, although regrettable, falls within the universe of risks properly allocated to purchasers, and a cost of doing business in this space.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**